IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Rock Higgins, | No. CV-26-00955-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Katie Hobbs, et al., | |
| Defendants. | |

This matter is before the Court on its own review of the record.

**I.**

Courts will strike a complaint pursuant to Federal Rule of Civil Procedure 12(f) if Rule 8 is not satisfied. *See, e.g., Liu v. Worldwide*, No. 5:18-cv-02442-SVW-KK, 2019 WL 8690216, at *1 (C.D. Cal. Jan. 30, 2019). Federal Rule of Civil Procedure 8(a) requires that a pleading contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"[T]he Ninth Circuit has held that dismissal for failure to comply with Rule 8 is proper where 'the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *Gottschalk v. City & County of San Francisco*, 964 F. Supp. 2d 1147, 1154 (N.D. Cal. 2013) (citing

*McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996)). The Ninth Circuit has also adopted a "shotgun pleading" rule, where pleadings that fall within the following categories run afoul of Rule 8:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Gibson v. City of Portland*, No. 24-1663, 2026 WL 235118, at *16 (9th Cir. Jan. 29, 2026) (slip op.).

In *Liu*, the Central District of California struck a 63-page complaint that "assert[ed] legal arguments and conclusions as opposed to a short and plain statement of the relevant facts and the legal cause of action premised on those facts." *Liu*, 2019 WL 8690216, at *1. The court found that the complaint was "replete with redundancies and appears to repeat the same cause of action multiple times under slightly different legal theories." *Id.*

**II.**

The Court finds that the Complaint here fails to satisfy Rule 8 and constitutes an impermissible shotgun pleading. The Complaint names over one hundred defendants, all public officials serving in the national, state, and local governments. It challenges the validity and construction of several documents, including the United States Constitution, the Articles of Confederation, and various international treaties. Its text is otherwise incomprehensible, making it impossible to discern any cognizable legal claims.

The Court further finds that the Complaint lacks a colorable basis in fact or law. Amendment would be futile given the unwieldy and frivolous nature of the Complaint. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (holding that leave to amend is not required when it "would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay").

To the extent Plaintiff's claims rest on a sovereign citizen ideology, "[c]ourts have uniformly rejected arguments based on sovereign citizen theories." *Reum v. Washington*, No. 3:23-CV-05074-DGE, 2023 WL 1766376, *2 (W.D. Wash. Feb. 3, 2023); *see also United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986) (rejecting arguments premised on the sovereign citizen ideology as "utterly meritless"); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (holding that sovereign citizen theories "should be rejected summarily, however they are presented").

Accordingly, the Complaint will be stricken, and this case will be dismissed.

**IT IS THEREFORE ORDERED** that the Complaint (Doc. 1-1 at 42-123) is **stricken**.

**IT IS FURTHER ORDERED** that the United States' Motion to Extend Time to Answer or Otherwise Respond to the Complaint (Doc. 4) is **denied** as moot.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk of Court is directed to enter final judgment, with prejudice, in favor of Defendant Sheriff Chris Nanos and against Plaintiff, with each party to bear their own fees and costs (Doc. 5).[*]

**IT IS FURTHER ORDERED** that the Clerk of Court must enter a judgment of dismissal without prejudice as to all other defendants.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this dismissal would not be taken in good faith because the Complaint lacks any arguable basis in fact or law.

**IT IS FINALLY ORDERED** that the Clerk of Court must close this case.

Dated this 19th day of February, 2026.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge

---

[*] On December 24, 2025, Arizona Superior Court Judge David McDowell granted Defendant Chris Nanos' Motion to Dismiss and dismissed Nanos. (Doc. 1-1 at 789-90.) The case was subsequently removed to this court on February 10, 2026 (Doc. 1), before a proposed form of judgment was signed.

- 3 -